IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BLACKLAND COMMUNITY DEVELOPMENT CORP.** | § § | |
| **V.** | § § | **A-14-CV-888 SS** |
| **PATRICIA JACKSON** | § § | |

## ORDER ON IN FORMA PAUPERIS STATUS AND REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is: Defendant Patricia Jackson's ("Jackson") Application to Proceed *In Forma Pauperis* (Dkt. # 1). Because Jackson is requesting permission to *proceed in forma pauperis*, this Court must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I. REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Jackson's petition and has determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Jackson's request for *in forma pauperis* status. The Clerk of the Court shall file Jackson's complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).

Jackson is further advised that, although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has made a § 1915(e) review of the claims made in this complaint and is recommending Jackson's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Plaintiff Blackland Community Development Corp. should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Plaintiff.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A.    General Background

Jackson seeks to proceed *in forma pauperis* not to file a new claim, but so that she may remove an existing state court action to this Court. Jackson seeks to remove Cause No. J1-CV-14-071987 in the Justice Court of Precinct 1, Travis County, Texas, on the grounds that her civil rights were violated when she was evicted from her home. Jackson states in her notice of removal that the state court has already entered a judgment in that case, in favor of her landlord, Blackland Community Development Corp. ("Blackland"). Jackson would also like to remove her pending appeal of an earlier eviction suit, also brought by Blackland, Cause No. C-1-14-00774 in the Travis County Civil Court at Law No. 2.

### B.    Standard of Review

A district court "shall dismiss" a case brought *in forma pauperis* at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A district court may dismiss under § 1915 for failure to state a claim if it is

'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

**C.  Discussion**

Jackson appears to be attempting to win for herself in federal court what she could not achieve in state court. Rather than pursuing appeals of her eviction in state court, she has attempted to have these already-decided cases removed to federal court. But unlike state courts, federal courts are courts of limited jurisdiction, which can hear cases only where empowered to do so by the Constitution or by act of Congress. 13 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PRACTICE § 3522.

Jackson's complaint should be dismissed for want of jurisdiction. It is well settled that, as a jurisdictional matter, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). The *Rooker-Feldman* doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Jackson's action should be dismissed under *Rooker-Feldman*, as an improper collateral attack on a state court order.

Moreover, under federal statute, a civil action brought in state court can be removed by a defendant to federal district court only where the federal court would have had jurisdiction of the action had it been brought originally in the federal court. 28 U.S.C. § 1441. By all indications, Jackson's state court cases are garden variety landlord-tenant disputes. "Landlord-tenant disputes and eviction actions are typically state law claims." *Ortiz v. Hillard*, 2010 WL 2195652 (S.D. Tex. June 1, 2010). "It is well established that the landlord-tenant relationship is fundamentally a matter of state law and . . . federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law." *Id.* (citing *United Mut. Houses, L.P. v. Andujar*, 230 F.Supp.2d 349, 354 (S.D.N.Y. 2002). As such, there does not appear to be a federal question here, leaving this Court without subject matter jurisdiction over Jackson's cases.

The Court also lacks diversity jurisdiction, as all parties are residents of Texas. Because this court would not have had jurisdiction of the state action had it been brought originally in federal court, it is "patently obvious" that it may not be removed under § 1441. Accordingly, the Court will recommend that this case be dismissed under 28 U.S.C. § 1915(e)(2).

### III. RECOMMENDATION

The Magistrate Court hereby **GRANTS** Defendant's Application to Proceed In Forma Pauperis. The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Defendant's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **FURTHER RECOMMENDS** that the District Court **DENY** all other pending motions and requests for relief.

### IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

4

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE