IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BLACKLAND COMMUNITY DEVELOPMENT CORP.,
          Plaintiff,

-vs-                                            Case No. A-14-CA-888-SS

PATRICIA JACKSON,
          Defendant.

## ORDER

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#2]. Jackson did not file objections to the Report and Recommendation. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders.

      All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having granted Jackson leave to proceed *in forma pauperis* (IFP), the Magistrate Judge duly performed a review of her claims pursuant to 28 U.S.C. § 1915(e) and found they should be dismissed. Jackson is entitled to de novo review of the portions of the Magistrate Judge's report to which she filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th

Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Jackson, proceeding pro se, seeks to remove two state court eviction actions filed by her landlord, Blackland Community Development Corporation (Blackland). The first is an appeal presently pending in the Travis County Civil Court at Law No. 2, Cause No. C-1-14-0074, from a decision in favor of Blackland rendered by the Justice Court of Precinct 1, Travis County, Texas. The second is another Justice Court action, Cause No. J1-CV-14-071987, in which the court again found in favor of Blackland and from which Jackson has apparently not appealed. Jackson seeks to remove both actions on grounds her eviction violates her civil rights; specifically, she claims "unlawful discrimination in violation of [the] First, Fourth, and Fourteenth Amendment[s], and the United States Federal Fair Housing Act, 42 U.S.C. § 3604." Notice of Removal [#4] at ¶ 8.

## Analysis

As Jackson is proceeding IFP, the Court must screen her complaint to determine if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). Such a dismissal may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The Court agrees with the Magistrate Judge's conclusion this action must be dismissed under § 1915, as this Court lacks subject matter jurisdiction to hear it. Federal district courts generally lack

the power to entertain collateral attacks on state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) (explaining even if a state court decision is wrong, no federal court other than the Supreme Court can review it, as federal district courts have "strictly original" jurisdiction); *D.C. Court of Appeals v. Feldman*, 460 U.S. 162, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Where a state court litigant purports to present to a federal district court constitutional claims connected with state proceedings, the federal court must determine whether the claims are "'inextricably intertwined' with the state court's judgment"; if so, the district court lacks jurisdiction to hear them. *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n.16).

Here, the civil rights claims set forth in Jackson's Notice of Removal are inextricably intertwined with the Justice Court's two judgments recognizing the validity of Jackson's eviction, and this Court therefore lacks power to review them. All of Jackson's allegations stem from her (presumably) impending eviction. *See, e.g.*, Notice of Removal [#4] at ¶ 11 (contending Blackland's "decision to terminate her tenan[cy]" violated her procedural due process rights). The Fifth Circuit has repeatedly held litigants cannot "cast[] a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule." *Id.* (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315 (5th Cir. 1994)); *Bell v. Valdez*, 207 F.3d 657, at *1 (5th Cir. Jan. 4, 2000) (table) (collecting cases).

Moreover, a litigant can remove an action to federal court only where the district court would have had original jurisdiction over the action had it first been filed in federal court. *See* 28 U.S.C. § 1441(a). Neither federal question jurisdiction nor diversity jurisdiction is present here, and removal is therefore improper. Federal question jurisdiction obtains only where "the federal question

appears on the face of the plaintiff's well-pleaded complaint[,] and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 495 (5th Cir. 2002). It is not sufficient for the federal question to be raised in the answer or notice of removal. *See id.* ("A defense that raises a federal question is insufficient."). Here, the complaints filed by Blackland in state court were suits for eviction—a state cause of action. *See* TEX. PROP. CODE §§ 24.001 *et seq.* (statute governing "Forcible Entry and Detainer" actions under Texas law); Judgment [#4], Ex. A ("This is a forcible entry and detainer action."). As such, no federal question is present on the face of either of Blackland's complaints, and the Court lacks federal question jurisdiction. Nor will diversity jurisdiction lie, as both Blackland and Jackson are citizens of Texas. *See* 28 U.S.C. § 1332.

As there is no basis for this Court to assert jurisdiction over this action, it is "patently obvious" Jackson cannot prevail. Dismissal is therefore warranted.

Accordingly,

IT IS ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#2] is ACCEPTED;

IT IS FINALLY ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

SIGNED this the 27th day of October 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE